UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMAL LEE SPENCER, | ) | No. LA CV 16-02267-VBF (PLA) |
| | ) | |
| Petitioner, | ) | ORDER |
| | ) | |
| v. | ) | **Referring Unauthorized Successive Habeas Corpus Petition to U.S. Court of Appeals As Required By Ninth Circuit Rule 22-3(a);** |
| | ) | |
| X. CANO, Warden, | ) | **Dismissing the Action Without Prejudice;** |
| | ) | |
| | ) | **Denying a Certificate of Appealability;** |
| Respondent. | ) | |
| | ) | **Terminating the Case (JS-6)** |

Proceeding *pro se*, California state prisoner Jamal Lee Spencer ("petitioner") initiated this action on March 23, 2016 by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Pet"). Petitioner filed this habeas action in the United States District Court for the Northern District of California, which transferred the action to this district on March 30, 2016. *See* Case Management / Electronic Filing System Documents ("Docs") 1 and 4. The petition challenges his 2012 conviction in Los Angeles County Superior Court case number TA119454, of first-degree murder in violation of Cal. Penal Code § 187(a), *see* Pet at 2.

The Court observes that on April 20, 2015, petitioner filed an earlier habeas petition in this Court, in case number LA CV 15-02903-VBF (PLA) ("15-2903"), also challenging his 2012 conviction ("2015 Petition" or "2015 Pet"). The Court denied the 2015 petition for lack of merit and entered final judgment adverse to petitioner on January 12, 2016 (15-2903 Doc 23). On the same date, the Court issued an Order (15-2903 Doc 24) that declined to issue a certificate of appealability ("COA") but advised petitioner that he could still seek a COA from the U.S. Court of Appeals for the Ninth Circuit.

**A federal habeas petition is successive if it raises claims that were adjudicated, or could have been adjudicated, on the merits in a previous federal habeas petition.** *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2015 Petition, petitioner raised one claim, alleging that the trial court violated California law and petitioner's Sixth Amendment rights by admitting the recorded jailhouse statement of Kashad Benedic. (Case No. CV 15-2903, Dkt. No. 18 at 7). As mentioned above, on January 12, 2016, that action was dismissed on the merits and with prejudice. (Case No. CV 15-2903, Dkt. Nos. 22, 23).

In the instant Petition, petitioner asserts three claims for federal habeas corpus relief: (1) the state trial court violated California law and petitioner's Sixth Amendment rights by admitting the recorded

jailhouse statement of one Kashad Benedic; (2) "New issues from Federal Supreme Court[1] precedent on Super Weapons Act on . . . gun gang enhancements"; and (3) "Request under cause and prejudice under new [Evidence] Code (12022.53) 1231 statements made by gang member reversed." (Pet. at 6).

Petitioner does not contend that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable (see supra note 2); and, it appears to the Court that even though petitioner is seeking to present two new claims in the instant Petition, the factual predicate for those claims could have previously been discovered through the exercise of due diligence.  Thus, the Petition is a "second or successive" petition within the meaning of AEDPA.

However, even if the instant claims satisfied the exceptions found in 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B) (and it does not appear that petitioner has satisfied any of those provisions), petitioner nevertheless is required to seek authorization from the Ninth Circuit before filing a second or successive habeas petition attacking the same conviction and/or sentence that he has previously collaterally attacked in federal court.  See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).  There is no indication that petitioner has obtained such permission from the Circuit.  Therefore, the Court is without subject-matter jurisdiction to entertain the petition now under 28 U.S.C. § 2244(b).  See Burton, 549 U.S. at 153; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

<u>The Court Must "Refer" This Habeas Petition to the United States Court of Appeals</u>

**Ninth Circuit Rule 22-3(a) clearly states, in pertinent part, "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is**

---

[1] Although petitioner labels his claim in this fashion, in his argument he claims to rely on a "recent pronouncement by the California Supreme Court, [that] the imposition[] of California's Super-Weapons Enhancement . . . for a defendant convicted of murder[,] violates Califor[nia's] 'multiple conviction rule' based on included conduct as well as Federal double jeopardy principles." (Pet Mem at 11).  But no federal case cited by petitioner has made any "pronouncement" constituting a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

**mistakenly submitted to the district court, the district court *shall* refer it to the court of appeals."**

Emphasis added.[2]

It is a venerable principle of construction that the word "shall" indicates that the action is mandatory. *See Sebelius v. Auburn Regional Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013); *Nat'l Ass'n of Homebuilders v. Defenders of Wildlife*, 544 U.S. 644, 661, 127 S. Ct. 2518 (2007); *see also* Antonin Scalia and Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112 (2012)

---

[2]   Absent advance authorization from the U.S. Court of Appeals, a person may not file a second-or-successive habeas petition in district court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). If a person files a successive petition in district court without Circuit authorization, the district court will lack subject-matter jurisdiction. *See Magwood v. Patterson*, 561 U.S. 320, 330-31, 130 S. Ct. 2788, 2796 (2010).

**It is, by definition, always a mistake to file an action in a court that clearly lacks jurisdiction.** *Accord, e.g., Mathers Family Trust v. Cagle*, 2013 WL 3455489, *5 (N.D. Tex. July 8, 2013) (approving statement that "the tolling statute protects plaintiff *who mistakenly file suit in a forum that lacks jurisdiction*") (emphasis added); *Flores v. Predco Servs. Corp.*, 2011 WL 883640, *7 (D.N.J. Mar. 11, 2011) ("[E]quitable tolling is meant to . . . avoid unfairness to a plaintiff who diligently, but *mistakenly, prosecutes his claim in a court that lacks jurisdiction . . . .*") (citation omitted) (emphasis added), *recon. denied*, 2011 WL 3273573 (D.N.J. July 29, 2011).

**Indeed, Congress has enacted a statute specifically to enable federal courts to fix the *mistake* of a party who files in a court that lacks jurisdiction.** *See, e.g., United States v. Cook County, Illinois*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("As both parties point out, section 1631 was designed to remedy the situation in which a litigant has *mistakenly filed an action in a court that lacks jurisdiction.*") (emphasis added); *Woodstock Care Ctr. v. Thompson*, 161 F. Supp.2d 813, 817 (S.D. Ohio 2001) ("[T]he Court looks to 28 U.S.C. § 1631, which provides that when a civil action . . . is *mistakenly filed in a court that lacks jurisdiction*, the court may transfer the action to the proper court when doing so is 'in the interest of justice.'") (emphasis added), *subsequent proceeding*, 363 F.3d 583 (6th Cir. 2003).  The United States Senate's legislative history contains the observation that "[b]ecause of the complexity of the Federal court system and of special jurisdictional provisions, a civil case may on occasion be *mistakenly filed in a court – either trial or appellate – that does not have jurisdiction*." Senate Report No. 97-275 at 30 (97th Cong., 1st Session 1981), reprinted at 1982 U.S.C.C.A.N. 11 and 1981 WL 21373 (emphasis added).

**Thus, whenever a person files a successive habeas petition in district court without first obtaining the Circuit's permission, he has "mistakenly submitted" that petition to a court that has no jurisdiction.** Isolated decisions to the contrary are, therefore, untenable. *Contra Guerrero v. Holland*, 2016 WL 1408047, *1 n.1 (C.D. Cal. Apr. 2, 2016) (dismissing successive petition without prejudice but stating, "Because the circumstances indicate that petitioner intentionally filed this action in this Court, not that he did so mistakenly, Rule 22-3(a) is inapplicable."). The applicability of Ninth Circuit Rule 22-3(a) does not turn on the subjective intention or understanding of the habeas petitioner.

(referring to "[t]he traditional, commonly repeated rule . . . that *shall* is mandatory and *may* is permissive"); *cf. Anglers Conservation Network v. Pritzker*, 809 F.3d 664, 671 (D.C. Cir. 2016) ("Ordinarily, legislation using 'shall' indicates a mandatory duty while legislation using 'may' grants discretion.") (citing *Lopez v. Davis*, 531 U.S. 230, 241, 121 S. Ct. 714 (2001)).

**"Therefore, when confronted with a second or successive habeas petition attacking the same conviction or sentence as a prior federal habeas petition which was denied on the merits, a district court has no choice but to 'refer' the petition to the U.S. Court of Appeals for the Ninth Circuit."** *Smith v. United States*, ED CV 11-00521 Doc. 29 at 9 (C.D. Cal. July 23, 2014). "Failure to do so would violate the plain language of Ninth Circuit Rule 22-3(a)." *Garcia v. Busby*, No. LA CV 14-04224, 2014 WL 2761333, *3 (C.D. Cal. June 17, 2014) (Fairbank, J.), *COA den.*, No. 14-56714 (9th Cir. Nov. 26, 2014).

"The undersigned does not understand this mandate to 'refer' to be the same as a transfer to a court of proper jurisdiction by a court lacking jurisdiction under 28 U.S.C. § 1631. Consequently, this Court [will] dismiss" all successive claims "and refer Petitioner to the Court of Appeals by providing him with the necessary forms to file his petition with the Ninth Circuit." *Morgan v. Ryan*, 2011 WL 6296763, *7 (D. Ariz. Nov. 28, 2011) (Metcalf, M.J.) (citing *Hoke v. Schriro*, 2008 WL 5087416, *2 (D. Ariz. Nov. 26, 2008) (Murguia, J.)), *R&R adopted*, 2011 WL 6296758 (D. Ariz. Dec. 16, 2011).

<u>Court Also Must Dismiss Action Without Prejudice for Lack of Subject-Matter Jurisdiction</u>

**The question then arises whether the Court can both "refer" this petition to the U.S. Court of Appeals for the Ninth Circuit and then dismiss the action here without prejudice due to petitioner's failure to obtain leave from the Circuit to file a second-or-successive habeas petition.** "Petitioner's failure to obtain leave to file from the Circuit justifies dismissal without prejudice, and Ninth Circuit Rule 22-3(a) plainly requires the Court to refer the petition to the Circuit." *Taylor v. Gonzales*, No. LA CV 14-06394-VBF-JC, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014). "'Perceiving no legal or practical conflict between these two courses of action, the Court will continue its . . . practice of both dismissing the petition and referring it to the Circuit.'" *Taylor v. Gonzales*, 2014 WL 4826167, *3 (C.D. Cal. Aug. 27, 2014) (Fairbank, J.) (quoting *Batchelor v. Yates*, No. LA CV 09-

01752-VBF Doc. 41 at 9 (C.D. Cal. July 31, 2014) (other citations omitted)); *see also, e.g., Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

**This is consistent with the practice of at least seventeen other district judges (as well as a number of current and former magistrate judges) in our district in recent years.** *See, e.g., Scott v. Pfeiffer*, 2016 WL 1399397 (C.D. Cal. Mar. 4, 2016) (David T. **Bristow**, M.J.), *R&R adopted*, 2016 WL 1408050 (C.D. Cal. Apr. 6, 2016); *Phillips v. Johnson*, 2016 WL 922553 (C.D. Cal. Mar. 8, 2016), *judgment entered*, 2016 WL 928717 (C.D. Cal. Mar. 8, 2016) (Virginia A. **Phillips**, J.); *Pace-White v. Johnson*, 2015 WL 10044278 (C.D. Cal. Nov. 3, 2015) (Frederick F. **Mumm**, M.J.), *R&R adopted*, 2016 WL 552678 (C.D. Cal. Feb. 9, 2016); *Block v. Duffy*, 2015 WL 5826776 (C.D. Cal. Oct. 2, 2015) (Andrew **Guilford**, J.) ("After reviewing numerous district court cases in this circuit, this Court concludes that simultaneous referral and dismissal is appropriate.") (citing *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014) (Valerie Baker Fairbank, J.)); *Varnado v. Paramo*, 2014 WL 3845137 (C.D. Cal. Aug. 4, 2014) (S. James **Otero**, J.); *Miller v. Biter*, 2014 WL 3810234 (C.D. Cal. July 31, 2014) (Manuel **Real**, J.); *McKenzie v. Valenzuela*, 2014 WL 3109806 (C.D. Cal. July 7, 2014) (Christina **Snyder,** J.); *Brock v. Montgomery*, 2014 WL 2812315, *1 (C.D. Cal. June 23, 2014) (Beverly Reid **O'Connell**, J.) ("[T]his action is dismissed without prejudice for lack of jurisdiction because Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition. Further, the Clerk of Court is directed to refer the Current Federal Petition to the United States Court of Appeals . . . pursuant to Ninth Circuit Rule 22-3(a)."); *Perez v. Holland*, 2014 WL 1466857 (C.D. Cal. Apr. 14, 2014) (Cormac **Carney**, J.), *appeal filed*, No. 14-55815 (9th Cir. May 19, 2014); *Castaneda v. Long*, 2014 WL 996490, *1 (C.D. Cal. Mar. 13, 2014) (**Anderson**, J.); *Blanco v. Valenzuela*, 2014 WL 111453 (C.D. Cal. Jan. 9, 2014) (John **Walter**, J.); *Parham v. Diaz*, 2013 WL 5310760, *1 (C.D. Cal. Sept. 19, 2013) (Gary **Klausner**, J.); *Reed v. Roe*, 2013 WL 1970240, *1 (C.D. Cal. May 10, 2013) (Otis **Wright** II, J.); *Jones v. Harris*, 2013 WL 1390036, *1 (C.D. Cal. Mar. 15, 2013) (Stephen V. **Wilson**, J.); *Burts v. Yates*, 2012 WL 3019950, *1 (C.D. Cal. July 23, 2012) (Dean Pregerson, J.); *Jones v. Harrington*, 2012 WL 2573207, *1 (C.D. Cal. June 29, 2012) (Dolly **Gee**, J.); *Goodall v. Marshall*, 2011 WL 6110333 (C.D. Cal. Dec. 2, 2011) (**Carter**, J.); *Olvera v. Gonzales*, 834 F. Supp.2d 944, 945 (C.D. Cal. 2011) (Terry **Hatter**, Senior J.); *Henderson v. Walker*, 2011 WL

1706775, *1 (C.D. Cal. May 5, 2011) (**Stotler**, Sr. J.); *Smith v. Beard*, 2015 WL 2250013 (C.D. Cal. May 12, 2015) (Jacqueline **Chooljian**, M.J.); *Pace-White v. Johnson*, 2015 WL 1833952 (C.D. Cal. Apr. 10, 2015) (Margaret **Nagle**, M.J.).[3]

AEDPA's Certificate of Appealability Requirement May Not Apply Here

"Unless a circuit justice or [district] judge issues a certificate of appealability , an appeal may not be taken to the court of appeals from – (A) *the final order* in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court", 28 U.S.C. § 2253(c)(1)(A), and the district court must issue or deny a COA when it enters a final order adverse to the applicant. *See* Rule 11(a) of Rules Governing Section 2254 Cases in U.S. District Courts. **The court considers each claim separately, and it may grant a COA on one claim and not others.** *See Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001); *accord Hall v. Thaler*, 504 F. App'x 269, 274 (5th Cir. 2012) ("We

---

[3]

*Accord, e.g.,* Wade T. Rodrigues v. USA, 2016 WL 146532 (D. Haw. Apr. 14, 2016) (Helen Gillmor, J.) (referring federal prisoner's successive habeas petition to the Ninth Circuit and then dismissing the district-court action without prejudice for lack of subject-matter jurisdiction); *cf. Johnson v. Herzog*, 2013 WL 5315033, *4 (W.D. Wash. Sept. 20, 2013) (Robert Lasnik, J., adopting recommendation of James Donahue, M.J., that "Because petitioner did not seek and receive permission from the Ninth Circuit to file a successive petition, this Court lacks jurisdiction to consider petitioner's claims. Accordingly, the Court recommends that respondents' Motion to Dismiss . . . be granted, and the federal habeas petition be transferred to the Ninth Circuit for consideration as an application for leave to file a successive petition."); *United States v. Estrada-Jasso*, 2014 WL 5471929 (D. Idaho Oct. 28, 2014) (Winmill, Chief Judge); *United States v. Heredia-Oliva*, 2009 WL 211081, *1 (D. Ariz. Jan. 28, 2009) (Stephen McNamee, J.) (dismissing successive habeas petition without prejudice and referring the matter to the Ninth Circuit).

**Other W.D. Washington judges either "refer" or "transfer" the successive petition to the Ninth Circuit and then administratively close the district-court action (technically, without dismissing it).** *Cf. Blakely v. Glebe*, 2014 WL 3965025, *2 (W.D. Wash. Aug. 13, 2014) (Settle, J., adopting R&R of Karen Strombom, M.J., that "this petition be referred to the Ninth Circuit and that the file be administratively closed without deciding whether the petition should be dismissed"); *Hertzog v. Fraker*, 2012 WL 527525, *1 (W.D. Wash. Feb. 15, 2012) (Ronald Leighton, J.) ("(1) The case is transferred [sic] to the Ninth Circuit Court of Appeal[s] as a second habeas petition, pursuant to Ninth Circuit Rule 22-3(a). (2) The Clerk shall administratively close the file."), *appeal dismissed*, No. 12-35042 (9th Cir. Mar. 9, 2012); *Smith v. Cunningham*, 2010 WL 391494, *1 (W.D. Wash. Feb. 3, 2010) (Franklin Burgess, J.) (same); *Richey v. Sinclair*, 2009 WL 2058224, *2 (W.D. Wash. July 13, 2009) (Robert Bryan, J.) (same); *Nash v. Washington*, 2008 WL 5114256 (W.D. Wash. Dec. 2, 2008) (same) (adopting recommendation of J. Kelley Arnold, M.J.).

review each claim separately to determine whether Hall has shown that reasonable jurists 'would find the district court's assessment of the constitutional claims [to be] debateable or wrong.'").

It appears doubtful that the COA requirement applies to an order that merely refers a habeas petition to the Ninth Circuit and dismisses the action without prejudice. Such an order arguably should not be viewed as "final" for purposes of 28 U.S.C. § 2253(c)(1)(A), because it does not conclusively dispose of all claims and issues raised by petitioner. *See, e.g., Vega v. Nunez*, 2014 WL 1873265, *9 (C.D. Cal. May 8, 2014) ("'This is not a final order for purposes of 28 U.S.C. § 1291' because it does not conclusively dispose of all claims and issues as to all parties.") (quoting *Butler v. Los Angeles County*, 2013 WL 8291425, *9 n.6 (C.D. Cal. Oct. 11, 2013) (citing *Nelson v. Am. Home Ass. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012))).

This is because the habeas "petitioner 'is not necessarily denied collateral review of the issues raised in the motion. He simply has to seek permission from the . . . Circuit before pursuing his claims in this Court.'" *Karim v. Valenzuela*, 2014 WL 7338827, *4 n.5 (C.D. Cal. Dec. 19, 2014) (Fairbank, J.) (quoting *United States v. Wilson*, 950 F. Supp.2d 90, 96 (D.D.C. 2013)).

But the Court will assume, without deciding, that such an order triggers the COA requirement. **To the extent that the Ninth Circuit would require petitioner to obtain a COA before appealing today's order, the Court concludes below that petitioner is not entitled to a COA.**

PETITIONER IS NOT ENTITLED TO A CERTIFICATE OF APPEALABILITY

Notwithstanding one panel's dictum that the "substantial showing" standard for a COA is "relatively low", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)), **in practice "[i]t is a 'rare step' for a district court to issue a COA,"** *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (Fairbank, J.) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Singh v. United States*, 2015 WL 350790,*6 (E.D. Cal. Jan. 23, 2015) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence). A COA may issue only if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); *see also* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1).

The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc))[4], but no such doubt exists here. None of petitioner's claims is "adequate to deserve encouragement to proceed further," *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3385 n.4 (1983), because all reasonable jurists would agree that the claims are successive and that there is no record evidence that petitioner obtained the Circuit's permission to file them in federal district court as the law requires. All reasonable jurists would consequently agree both (1) that Ninth Circuit Rule 22-3(a) requires this Court to refer the petition to the Circuit and (2) that this Court lacks subject-matter jurisdiction over the successive habeas claims.

## ORDER

**Pursuant to 9th Cir. R. 22-3(a), the Court REFERS this matter to the U.S. Court of Appeals for the Ninth Circuit for consideration as an application for leave to file a second-or-successive habeas petition.**

"Petitioner is advised that this referral alone does not constitute compliance with Circuit Rule 22-3 and 28 U.S.C. § 2255(h). Petitioner must still file a motion for leave to proceed in the Court of Appeals and make the requisite showing" to convince the Ninth Circuit to grant him leave to file this second-or-successive habeas petition.[5] "Petitioner is directed to consult this statute and Ninth Circuit Rule 22-3 for further information."[6]

---

[4] *Accord Elliott v. United States*, No. 1:12cv587, – F. Supp.3d –, –, 2016 WL 409817, *1 (E.D. Tex. Feb. 3, 2016) ("Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, . . . .") (citing *Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000)), *appeal filed*, No. 16-40276 (5th Cir. Feb. 22, 2016).

[5] *Todd v. United States*, 2012 WL 5350012, *3 (W.D. Wash. Oct. 4, 2012) (Theiler, M.J.), *R&R adopted*, 2012 WL 5351845 (W.D. Wash. Oct. 29, 2012) (Robart, J.); *accord Norris v. State of Washington*, 2015 WL 7280592, *1 (E.D. Wash. Oct. 7, 2015) (John Rodgers, M.J.), *R&R adopted*, 2015 WL 7283129 (E.D. Wash. Nov. 17, 2015) (Bastian, J.); *Bergen v. Richards*, 2009 WL 773865, *1 (W.D. Wash. Mar. 19, 2009) (Jones, J.) and *Mohr v. United States*, 2008 WL 4683334 (W.D. Wash. Oct. 21, 2008) (Zilly, J.).

[6] *Larue v. Washington State Dep't of Corrections*, 2008 WL 5245980, *1 (E.D. Wash. Dec. 15, 2008)
(continued...)

The Clerk of Court **SHALL SEND** a copy of the habeas corpus petition and a copy of this Order to the U.S. Court of Appeals for the Ninth Circuit.

The Clerk of Court **SHALL PROVIDE** petitioner with U.S. Court of Appeals for the Ninth Circuit Form 12, entitled "Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254 or Motion Under 28 U.S.C. § 2255"[7], which is available at http://www.ca9.uscourts.gov/forms/.

**This action is then DISMISSED without prejudice for lack of subject-matter jurisdiction** due to petitioner's failure to obtain advance leave from the U.S. Court of Appeals for the Ninth Circuit to file a second-or-successive habeas petition in this Court.

**A Certificate of Appealability is DENIED.**

**If petitioner wishes to appeal this order, he should seek a certificate of appealability from the U.S. Court of Appeals for the Ninth Circuit.**[8]  *See* Rule 11(a) of Rules Governing Sec. 2254 Cases in U.S. District Courts (stating, in part, "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."); Fed. R. App. P. 22(b)(1) (providing, in pertinent part, "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").[9]

---

[6](...continued)
(Lonny Suko, J., adopting recommendation of James Hutton, M.J.).

[7]  *See Walker v. Ryan*, 2014 WL 413055, *2 (D. Ariz. Feb. 4, 2014); *Gwyn v. US*, 2014 WL 1330029, *1 (M.D. Fla. Apr. 1, 2014) ("The Clerk of Court is directed to send Petitioner the Eleventh Circuit's application form for leave to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b).").

[8]  *See Muth v. Fondren*, 676 F.3d 815, 822 (9th Cir. 2012) (citing 28 U.S.C. § 2253(c)(1)(B)); *see also* FED. R. APP. P. 22(b)(1) (if district judge denies COA, applicant may request COA from a circuit judge).

[9]  *Accord Pratt v. Bower*, 2016 WL 815293, *14 (N.D. Cal. Mar. 2, 2016); *Juniper v. Zook*, 2016 WL 413099, *1 (E.D. Va. Feb. 2, 2016) (John Gibney, J.) ("The Court also denies Juniper's request to reconsider its denial of a [COA].  Juniper may request a [COA] from the United States Court of Appeals . . . .").

**The Court concludes that it is not necessary to issue final judgment under FED. R. CIV. P. 58, because this Order does not conclusively dispose of petitioner's claims.** *See generally In re Cinevision Int'l, Inc., Debtor (Mayor v. Wolkowitz).*, BAP CC-15-1227-FCTa, – F. App'x –, 2016 WL 638729, *6 (9th Cir. BAP Feb. 16, 2016) ("Because the judgment did not dispose of all claims as to all parties, it is not a final judgment . . . .").[10]

**This case shall be CLOSED.**

IT IS SO ORDERED.

Dated: Thursday, May 12, 2016

_____
Hon. Valerie Baker Fairbank
Senior United States District Judge

---

[10] **This is because the dismissal is without prejudice to petitioner re-filing this successive habeas petition in federal district court after he obtains authorization from the Ninth Circuit.** *Contrast Hotel Corp. of the South v. Rampart 920, Inc.*, 46 B.R. 758, 766-67 (E.D. La. 1985) ("[T]he orders of the Bankruptcy Court . . . were 'final judgments on the merits.' Those Orders completely disposed of Defendants' adversary complaints and Plaintiffs' counterclaims in those proceedings."), *judgment aff'd*, 781 F.2d 901 (5th Cir. 1986) *with Affiliates, Inc. v. Armstrong*, 2011 WL 3421407, *2 (D. Idaho Aug. 4, 2016) ("The Court therefore permitted Plaintiffs to amend their Complaint, and found that entry of final judgment was inappropriate."), *subsequent proceeding sub nom. Knapp v. Armstrong*, 2012 WL 640890 (D. Iado Feb. 26, 2012), *app. dismissed*, No. 12-35156 (9th Cir. Apr. 6, 2012) *and with Ajan v. United States*, 2009 WL 1421183, *22 (E.D. Tenn. May 20, 2009) (where Court had determined that all habeas claims except one should be dismissed but had directed further briefing on that claim, it declined to enter final judgment).